Per Curiam.

The question presented to the Domestic Relations Court in this proceeding was whether an outstanding order for the support of respondent’s daughter should be enforced or suspended. Respondent evidently felt that so long as the daughter resided in California he should be relieved from supporting her. The court apparently suspended the order because he felt petitioner and her counsel were practicing a deception on the court with respect to the daughter’s residence. We do not pass upon that point, but believe that it should not be determinative of the decision in this particular case. The fact that the daughter is residing in California is not in itself determinative. (Adams v. Adams, 272 App. Div. 29.) That may be a consideration, but only in connection with a consideration of the occasion and circumstance of her living outside of the State, her needs and welfare, and whether or not it is appropriate for the respondent to be charged with her support while she is absent from the State.
The order appealed from should be reversed and the matter remanded to the Domestic Relations Court for a new determination in accordance with this opinion.
Cohn, Callahan, Peck and Van Voorhis, JJ., concur.
Order unanimously reversed and the matter remanded to the Domestic Relations Court for a new determination in accordance with opinion. Settle order on notice.